IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ESTATE OF JOHN BAMBERG and KEM T. BAMBERG,

    Plaintiffs,

v.

REGIONS BANK, d/b/a REGIONS MORTGAGE, REGIONS FINANCIAL CORP., GEHEREN FIRM PC, KEY PROPERTY SERVICES, LLC, and SRP SUB, LLC,

    Defendants.

CIVIL ACTION NO.

1:14-cv-01960-JEC

### ORDER & OPINION

This case is before the Court on plaintiffs' Motion for a Temporary Restraining Order [4]. The Court has reviewed the record and plaintiffs' arguments and, for the reasons set out below, concludes that plaintiffs' Motion for a Temporary Restraining Order [4] should be **DENIED**.

### BACKGROUND

This action arises out of a dispossessory proceeding filed in Henry County Magistrate Court. (Mot. for TRO [4] at 1.) This current filing represents plaintiffs' third effort to utilize the federal court system to stop their eviction from residential property that has previously been foreclosed. Specifically, on January 27, 2014, the Bamberg parties, consisting of the Estate of John Bamberg and Kem Bamberg ("the Bambergs"), removed to federal court a

dispossessory action filed against them in the Magistrate Court of Henry County. The plaintiff in that case, Key Property Services, sought possession of the residential property at issue, apparently because of non-payment of rent by the Bambergs.[1] *See Key Prop. Servs. v. Bamberg*, Civ. Action No. 1:14-cv-00238-JEC-GGB, Order & Final Report & Recommendation [Dkt. 3] (N.D. Ga. Mar. 3, 2014)(Brill, Mag. J.).

The magistrate judge recommended a remand of the action back to Henry County because the Bambergs had failed to show the existence of any federal jurisdiction in that case. That is, there was no federal question jurisdiction over this garden-variety eviction action. As to diversity jurisdiction, the magistrate judge concluded that both Kem Bamberg and the defendant, Key Property Services, are citizens of the State of Georgia, meaning that there was no diversity of citizenship. Second, the Bambergs had failed to show that the amount in controversy exceeded $75,000, which is a second requirement for

---

[1] Defendant Key Property Services instituted dispossessory proceedings in the Henry County Magistrate Court on October 22, 2013. *Key Prop. Servs. v. Bamberg & All Other Occupants*, Case No. 2013-4804-CB (Henry Cnty. Mag. Ct. Oct. 22, 2013). (Henry Cnty. Mag. Ct. Oct. 22, 2013), *available at* https://hcwebb.boca.co.henry.ga.us/cmwebsearchppp/CaseView.aspx?norec=1 (last accessed June 30, 2014). Plaintiffs do not expand on this point in their filings, but it appears that Kem T. Bamberg became a tenant of Key Property Services after the foreclosure sale and had not paid rent from September 3, 2013 to January 31, 2014. *Id.* at Mot. to Compel Payment of Rent Into the Registry of the Ct. (Jan. 2, 2014).

2

diversity jurisdiction, as the back rent being sought did not exceed that amount and as possession of premises has no inherent monetary value. (*Id.* at 2-4.)

This Court issued an Order adopting the magistrate judge's Report and Recommendation and the case was remanded on March 24, 2014. Notwithstanding this ruling, three weeks later, on April 15, 2014, the Bambergs once again removed this very same state-court dispossessory action back to federal court. *See Key Prop. Servs. v. Bamberg*, Civ. Action No. 1:14-cv-01107-JEC-GGB, Order & Final Report & Recommendation [Dkt. 4] (N.D. Ga. Apr. 17, 2014)(Brill, Mag. J.). Not surprisingly, as there were no new facts or legal justification for the removal, the magistrate judge once again recommended remand. *Id.* On this occasion, Key Property asked that the Court award attorneys' fees and costs, given the Bambergs' obviously futile removal of an action that had just been remanded less than three weeks before. *Id.* at [Dkt. 2].

This Court adopted the Order of the magistrate judge recommending remand, but did not require the Bambergs to pay attorney's fees and costs. (*Id.* at Dkt. 8.) Following issuance of this Order, on June 18, 2014, this case was once again remanded to Henry County Magistrate Court.

Undaunted, less than one week later, the Bambergs are now back

3

in federal court, once again seeking to have this Court enjoin the Henry County Magistrate Court from finalizing this dispossessory action and to enjoin the defendants from evicting the Bambergs. That is, on June 23, 2014, the Bambergs filed this present action against Key Property Services and a variety of other entities. The next day, June 24, 2013, the Henry County Magistrate Court granted SRP Sub a Dispossessory Judgment and Order, awarding it a writ of possession to the Johnson Court property as of July 1, 2014. (Appl. [1] at Mot. for TRO, at Ex. A.) That same day, plaintiffs filed their motion for a temporary restraining order, again asking this Court to enter an emergency injunctive order enjoining any and all from ejecting the Bambergs from the property. (*Id.* at Mot. for TRO, at 1-2.)

## DISCUSSION

### I.  JURISDICTION

This case is initially before the Court to determine whether the plaintiffs are entitled to proceed *in forma pauperis*, as they have again requested to do. The federal *in forma pauperis* statute ensures that indigent litigants have access to federal courts. 28 U.S.C. § 1915 (2014); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)(citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948)). Because a litigant proceeding *in forma pauperis* "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive

4

lawsuits", § 1915 permits the Court to dismiss the action upon determining that it is frivolous or malicious, fails to state a claim for relief, or seeks relief from a party that is immune from such claims. *Neitzke*, 490 U.S. at 324; 28 U.S.C. § 1915(e)(2)(B); *see also Wilson v. Smith*, ___ Fed. App'x ___, 2014 WL 2118716, at *1 (11th Cir. 2014).

As with any other action, it is the Court's obligation to confirm that it possesses subject matter jurisdiction over the plaintiff's claims. *See Walker v. Sun Trust Bank of Thomasville, Ga.*, 363 Fed. App'x 11, 15 (11th Cir. 2010) and *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)(stating that courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.")  Obviously, if the court lacks jurisdiction, the plaintiffs' complaint will be deemed frivolous and *in forma pauperis* status will not be conferred.

Not surprisingly--having previously ruled twice before that there is no subject matter jurisdiction--the Court does so again and directs that this case be dismissed on that ground. *See Davis v. Ryan Oaks Apartment*, 357 Fed. App'x 237, 238-39 (11th Cir. 2009). A party who invokes the court's jurisdiction has the burden of establishing that it is proper. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007). Plaintiffs, once again, have failed to

5

do so.

First, diversity jurisdiction is not available. 28 U.S.C. § 1332(a)(1) (2014). The latter statute requires *complete* diversity of parties; "every plaintiff must be diverse from every defendant." *Id.*; *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Both plaintiff Bamberg and defendant Gehren Firm PC are citizens of Georgia, so complete diversity does not exist here. (*See* Compl. [3] at 2-3, 5, Exs. A(9), B.)

Second, plaintiffs have failed to show the existence of federal question jurisdiction. 28 U.S.C. § 1331 (2014). While plaintiffs' complaint and motion are littered with citations to the Constitution, federal treaties, and 18 U.S.C. § 242 (1996), their causes of action all ultimately relate to a claim akin to wrongful foreclosure and eviction. Indeed, plaintiffs pray for damages for gross negligence, damages for emotional distress resulting from illegal threats, injunctive and declaratory relief, to quiet title pursuant to O.C.G.A § 23-3-60, -61 (1966), to void the debt supposedly due under the home mortgage loan, and damages for emotional distress resulting from Bamberg's July 1, 2013 bankruptcy filing. (Compl. [3] at 12.) The references to federal law, treaties, and the Constitution do not supply federal question jurisdiction, but simply reflect plaintiffs; assertion that their interest in the Johnson Court property traces back to the Georgia Land Lotteries of 1821. (*See, e.g.*, Compl. [3]

6

at 3-11 and Mot. for TRO [4] at 2-5.)

Yet, plaintiffs' causes of action are not created by federal law, nor does their alleged right to relief "'depend[] upon the construction or application of federal law'", let alone "a substantial [contested federal issue], indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum". *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005)(quoting *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921) and describing jurisdiction over federal issues intertwined with state law claims). Thus, consideration of plaintiffs' complaint and motion does not require the Court to resolve a disputed question of federal law.

Further, "a federal court may dismiss a federal question claim for lack of subject matter jurisdiction [] if (1) 'the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction'; *or* (2) 'such a claim is wholly insubstantial and frivolous.'" *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998)(quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)(emphasis in original)). Even when charitably construed, plaintiffs' citations to the Contract Clause of the United States

7

Constitution, 18 U.S.C. § 242, and "Gross Negligence of Constitutional Right against the Laws of the Land" clearly meet this standard, as no state actor is present and plaintiffs do not allege any entanglement with such or action taken under color of state law by defendants.[2] (Compl. [3] at 8, 12.) Similarly, plaintiffs' prayer for damages in the form of $10 million in gold coin for violations of "Treaty Law, The Georgia Constitution, [and] Laws of the Land" is patently insubstantial and frivolous.

For these reasons, plaintiffs' action does not arise under the Constitution, laws, or treaties of the United States, and federal question jurisdiction is improper. Thus, the Court does not have jurisdiction over plaintiffs' action, meaning that the action is frivolous under § 1915 and further that the action must be dismissed.

## II. **PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**

Even assuming that the Court has jurisdiction over plaintiffs' action, plaintiff has made no showing to support the issuance of injunctive relief.

### A. **Standard for a TRO**

Upon motion, district courts may issue temporary restraining orders only if

---

[2] Plaintiffs' paragraph regarding § 242 does not make any factual allegations, but merely describes the conduct made illegal by the statute. (Compl. [3] at 8.)

> specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant [] certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1) (2014). More specifically, the Eleventh Circuit requires that the party seeking a temporary restraining order show that "(a) there is a substantial likelihood of success on the merits; (b) the TRO [] is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the TRO [] would cause to the non-movant; and (d) the TRO [] would not be averse to the public interest." *Parker v. St. Bd. Of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

### B. Plaintiffs' Request for a Temporary Restraining Order Violates the *Rooker-Feldman* Doctrine and the Anti-Injunction Act

Plaintiffs' request for a temporary restraining order seeks to enjoin defendants from taking possession of the Johnson Court property pursuant to an order from the Henry County Magistrate Court. The magistrate issued his order after speaking with Bamberg and hearing the testimony of the parties. *Key Prop. Servs.*, Case No. 2013-4804-CB, at Notice Printed (June 19, 2014), Calendar (June 24, 2014); (Mot. for TRO [4] at Ex. A). Further, the order is now appealable. (Mot. for TRO [4] at Ex. A.) Thus, the Court cannot review it. *See Christophe v. Morris*, 198 Fed. App'x 818, 825 (11th

9

Cir. 2006)("To the extent that Christophe's complaint was construed as a challenge to the state court's ruling that she violated her lease, and, therefore, that the landlord was legally permitted to an order of dispossession, the district court properly dismissed the complaint under the *Rooker-Feldman* doctrine[.]") and *Ware v. Polk Cnty. Bd. Of Cnty. Com'rs*, 394 Fed. App'x 606, 608-09 (11th Cir. 2010).

    Moreover, insofar as plaintiff's complaint seeks an order granting an "[i]mmediate 'Stay of Mandate' from any lower court pursuing litigation in this matter", an "[i]mmediate 'Stay' of all proceedings to include lower courts in the State of Georgia", or otherwise enjoining proceedings previously initiated in Henry County or any other state court, the Court cannot grant such relief because it would violate the Anti-Injunction Act and does not fall under any of the three accepted exceptions. (Compl. [3] at 12, Mot. for TRO, at 7); 28 U.S.C. § 2283 (1948); *see Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286-87 (1970) and *Peterson v. MersCorp Holdings, Inc.*, Civ. Action No. 1:12-cv-00014-JEC, 2012 WL 3961211, at *9 (N.D. Ga. Sept. 10, 2012)(Carnes, C.J.).

    **C.**    <u>**Plaintiffs Have Failed to Show a Likelihood of Success on the Merits**</u>

    In any case, plaintiffs' request for a temporary restraining order fails because they have not shown any likelihood of success on

10

the merits. Plaintiffs' motion mostly consists of string cites to treaties and case law from the early and mid-1800's. (Mot. for TRO [4] at 2-5.) Besides a section describing the inapplicable standard for obtaining a temporary restraining order or preliminary injunction under Georgia law, (*id.*), the only paragraph of any substance in plaintiffs' motion states that "[p]laintiff has made a showing that without an Emergency Order granting a Temporary Restraining Order or Preliminary Injunction, [p]laintiff will be irreparably harmed", (*id.*), and that "[p]laintiff (sic) petition is Verified, [p]laintiff (sic) has shown the Court that they are the true legal owners of this Land Grant/Patent." (*Id.*)

Even when considered in light of the more lenient standard to which *pro se* filings are held, these conclusory statements do not satisfy the heavy burden of showing likelihood of success on the merits that plaintiffs must meet to obtain the extraordinary and drastic remedy of a temporary restraining order. *Bolden v. Odum*, 695 F.2d 549, 550 (11th Cir. 1983)(discussing *pro se* pleadings); *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983) (discussing preliminary injunctions); *see Matveychuk v. One W. Bank, FSB*, Civ. Action No. 1:13-cv-3464-AT, 2013 WL 6871981, *4 (N.D. Ga. Dec. 19, 2013)(Totenburg, J.)(denying TRO for failure to show likelihood of success on the merits) and *Peterson*, 2012 WL 3961211 at

11

9 (same).

## **CONCLUSION**

Because the Court does not have jurisdiction over plaintiffs' action, the Clerk of Court is ordered to **DISMISS** and **CLOSE** this case. FED. R. CIV. P. 12(h)(3) (2014); *Herskowitz v. Reid*, 187 Fed. App'x 911, 912-13 (11th Cir. 2006). Even if the Court had jurisdiction, it would, once again, deny plaintiffs' Motion for a Temporary Restraining Order [4].

Further, this action marks the third occasion on which Bamberg is before the Court *in forma pauperis* regarding the Johnson Court property. And for the third time the Court has found her claims to be without merit. For this reason, the initiation of any further actions by Bamberg with respect to the Johnson Court property must be accompanied by the payment of filing fees. Should the Bambergs refile an action concerning this property and again request IFP status, they will have disobeyed an order of the Court and be subject to an Order of contempt of court, with the possibility of subtantial fines. Further, should the plaintiffs again attempt to file in federal court an action concerning this property and should the named defendants expend resources defending that action, plaintiffs will be ordered to pay attorney's fees and costs.

The Clerk is directed to close this action.

SO ORDERED, this 30th day of June, 2014.

                                      /s/ Julie E. Carnes
                                      JULIE E. CARNES
                                      CHIEF UNITED STATES DISTRICT JUDGE